UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| vs. | ) | No. IP94-CR-008-01-B/E |
| | ) | 1:06-cv-1489-SEB-VSS |
| BRADLEY HARDY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Defendant Hardy was convicted in this court of possessing an unregistered sawed-off shotgun and of possessing a firearm while a convicted felon. *United States v. Hardy,* 52 F.3d 147 (7th Cir.), *cert. denied,* 116 S. Ct. 207 (1995). He now seeks relief pursuant to 28 U.S.C. § 2255. The present action for that relief follows an earlier such action, docketed as No. IP 98-C-1195-B/F. The earlier § 2255 action was dismissed with prejudice on August 26, 1998. Both this court and the Court of Appeals declined to issue a certificate of appealability.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005). Thus,

> [a]nyone who files a "second or successive" application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction . . . .

*Benton v. Washington,* 106 F.3d 162, 165 (7th Cir.1996). Section 2244 has been described as "self-executing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). This means that a district court lacks all jurisdiction over such a matter until permission to file is granted by the Court of Appeals. *Id.* No such permission has been granted to Hardy to authorize the present challenge, which must, accordingly, be dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 01/11/2007

*Sarah Evans Barker* (signature)
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana